IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1091−NJR |
| ) | |
| SHAWN RITCHEY, ) | |
| HENRY P. TEVERBAUGH, ) | |
| BRICE E. SPRINGMAN, and ) | |
| JAMES D. LUTH, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Randy Rodriguez, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that occurred at Vandalia Correctional Center. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

At Vandalia Correctional Center on October 1, 2014, Shawn Ritchey wrote Plaintiff a disciplinary report. (Doc. 1, p. 6). The disciplinary report states that Plaintiff was seen participating in a gang fight between inmates. (Doc. 1, p. 12-13). On October 2, 2104, an adjustment committee, comprised of Henry Teverbaugh and Brice Springman, found Plaintiff guilty of the charges based on the disciplinary report alone. (Doc. 1, p. 6). Plaintiff alleges that they failed to conduct a proper investigation. (Doc. 1, p. 6). He also alleges that he was not given adequate time to prepare for the hearing, and that he was transferred out immediately after the hearing. (Doc. 1-1, p. 3). The Committee also prohibited Plaintiff from calling witnesses. (Doc. 1, p. 6). Chief Administrative Officer James Luth signed off on the disciplinary report on October 3, 2014. (Doc. 1, p. 6). As a result of the ticket, Plaintiff received one year C grade, one year segregation, loss of one year good time credit, a disciplinary transfer, one year phone restriction, one year commissary restriction, one year visiting restriction, and six months contact visit restriction. (Doc. 1, p. 10)

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** **Defendants denied Plaintiff his due process rights in violation of the Fourteenth Amendment when they refused to allow him to call witnesses at his adjustment committee hearing;**
>
> **Count 2:** **Defendants denied Plaintiff his equal protection rights in violation of the Fourteenth Amendment when they found him guilty of fighting during the adjustment committee hearing;**
>
> **Count 3:** **Defendants violated the Illinois Administrative Code when they held Plaintiff's adjustment committee hearing, resulting in an unfair hearing.**

As to **Count 1**, prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against him 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical and documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the inmate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996). This is because discretionary—or administrative—segregation is not considered "atypical," but rather an "ordinary incident of prison life" that prisoners should anticipate during their time in prison. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated; it is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Plaintiff alleges that he was deprived of his right to call witnesses during the hearing.[1] While that does fall within the class of protected due process, Plaintiff has not adequately pleaded that he was deprived of a liberty interest so as to trigger due process protections. In fact, Plaintiff has included no facts about the conditions that he was subjected to as a result of the disciplinary hearing, other than he was subjected to a disciplinary transfer. Plaintiff has thus not adequately pleaded a due process claim, and this count will be dismissed with prejudice.

Additionally, Plaintiff's disciplinary report shows that he lost good time credit. Neither Plaintiff's complaint nor his exhibits gives any indication that Plaintiff's good time credit has been restored. This means that his claim is barred. "Under the rule of the *Heck* case, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would 'necessarily imply' that his conviction had been invalid, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and for this purpose the ruling in a prison disciplinary proceeding is a conviction." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)). Plaintiff must first prove that his good time credit has been restored before bringing suit, and it does not appear that the good time credit has been restored in this case.

As to **Count 2**, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). As the Seventh Circuit has explained,

---

[1] The Court notes that exhibits submitted by Plaintiff contain contradictory stories. In the adjustment committee report, Plaintiff is recorded stating that he wasn't fighting; his knuckles were red because he was doing pushups. In Plaintiff's grievance regarding the disciplinary report, however, he states that he was forced to defend himself after someone sucker punched him.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)). Here, Plaintiff has not alleged that any members of a non-protected class were treated differently than he was. Although the complaint itself is silent on this point, Plaintiff's grievance alleges that prison officials assume that he is part of the "Latin Folks" constellation of security threat groups simply because he is Hispanic and tends to hang out with other Hispanics. That is a potential act of negligence, but not a constitutional claim. Without an allegation that he is being treated differently than a member outside of his protected class, *i.e.* subjected to disparate treatment, Plaintiff's claim fails. **Count 2** will also be dismissed with prejudice.

Turning now to **Count 3**, this claim must be dismissed with prejudice. Plaintiff alleges that his hearing was unfair because the officers did not follow the Illinois Administrative Code. The violation of a prison rule by itself, however, does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Even if the officers failed to follow the Code, that is not a wrong the Constitution recognizes. **Count 3** will be dismissed with prejudice.

### Pending Motions

Because this entire action will be dismissed with prejudice, Plaintiff's pending motions will be **DENIED as moot.** (Docs. 3, 4).

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-3** fail to state a claim upon which relief may be granted and will be **DISMISSED with prejudice**. Defendants **Shawn D. Ritchey, Henry P. Teverbaugh, Brice E. Springman, and James D. Luth** are **DISMISSED with prejudice** from this action. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

### Notice

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED: November 7, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**